IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH L. RAINEY, | : |
| Petitioner | : |
| v. | : CIVIL NO. 4:CV-16-2288 |
| WARDEN SPAULDING, | : (Judge Brann) |
| Respondent | : |

**MEMORANDUM**

November 18, 2016

**Background**

Joseph Rainey, an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania (FCI-Allenwood), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner has paid the required filing fee.

Following a jury trial in the United States District Court for the Western District of Missouri, Petitioner was found guilty of three drug related offenses.[1] Rainey was sentenced on November 19, 2007 to a term of life imprisonment.

---

[1] Specifically, conspiracy to distribute 50 grams or more of cocaine base, distribution of cocaine base, and possession with intent to distribute cocaine base. See Doc. 1, p. 15.

1

There is no indication from the pending petition that Rainey filed either a direct appeal or sought relief with the sentencing court via a petition pursuant to 28 U.S.C. § 2255.

Ground One of Rainey's petition claims entitlement to federal habeas corpus relief on the grounds that "the Respondent lacks a valid judgment of conviction" due to non-compliance with Federal Rule of Criminal Procedure 32. Doc. 1, ¶ 13. Specifically, Petitioner claims that there is "no signature by the sentencing judge." Id. In a related argument, Ground Two similarly contends that the Respondent cannot rely on an invalid judgment of conviction to detain him. The gist of Petitioner's argument is that the use of a typed signature on a judgment of conviction is contrary to Rule 32.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

**Second or Successive**

Petitioner filed an earlier § 2241 action with this Court .  See Rainey v. Oddo, Civil No. 4:CV-15-1817  (M.D. Pa. June 7, 2016).    The Petitioner's earlier habeas action was construed as challenging the validity of his conviction and sentence which transpired in the Western District of Missouri.[2]   It was determined by this Court that Petitioner's previously filed claims did not fall within the narrow exception, created by In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or

---

[2]  Rainey's prior petition indicated that he previously sought relief with the sentencing court via a petition  pursuant to 28 U.S.C. § 2255.  Rainey also asserted that he filed an unsuccessful petition with the United States Court of Appeals for the Eighth Circuit seeking leave to file a second or successive § 2255 action.

sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). Since there was no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Rainey's conviction, his initial § 2241 petition was dismissed without prejudice for lack of jurisdiction by the June 7, 2016 Memorandum and Order.[3]

Title 28 U.S.C. § 2244(a) and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive habeas corpus petitions may be reviewed by federal district courts. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention). Rule 9(b) of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3)and (4).

Section 2244(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

---

[3] The Memorandum clearly noted that the entry of dismissal did not preclude Petitioner from seeking authorization from the Eighth Circuit to file a second or successive § 2255 petition

the application.

All of the claims raised in Rainey's pending petition were included in his initially filed habeas corpus action which was previously dismissed by this Court for lack of jurisdiction. There is no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the Court of Appeals. Accordingly, under the requirements set forth in § 2244(b), Rainey's pending action cannot be entertained by this Court. See generally, Burgos v. Superior Court of Pa., 355 Fed. Appx. 585, 587 (3d Cir. 2009).

**Dorsainvil**

Moreover, Rainey is apparently arguing that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at FCI-Allenwood. A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). However, Rainey's action is clearly challenging the validity of his federal sentence. As such, he is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. Dorsainvil, 119 F.3d at 249; Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").

As previously discussed in the June 7, 2016 Memorandum and Order, Rainey's pending arguments are not based on a contention that his conduct is no longer criminal as a result of some change in the law.  Nor has Petitioner shown that he is unable to present his claims via a § 2255 proceeding.   Based upon the same reasoning set forth in this Court's June 7, 2016 Memorandum and Order, there is no basis for a determination that § 2255 is either inadequate or ineffective to test the legality of Petitioner's sentence and therefore it does not fall within the limited Dorsainvil exception.  Consequently, Rainey's latest § 2241 petition is equally subject to dismissal for lack of jurisdiction.  An appropriate Order will enter.

                                        BY THE COURT:

                                          s/ Matthew W. Brann  
                                        Matthew W. Brann  
                                        United States District Judge